And as soon as counsel settled in and before I take the previous case completely off the record we will rule later and in writing on the motion so we're not going to rule on that from the bench so that we will have here now PALLACK v. COMM. PALLACK v. COMM. Good morning, your honors. Steve Mather appearing for the appellant Richard Pallack. This case has been a bewildering struggle to try to get the government to do the right thing. One thing that has always been clear in this case is that the appellant Richard Pallack suffered a devastating loss in the Northridge earthquake that is deductible as a casualty loss on either the 1993 or the 1994 tax return. There is a special rule under Internal Revenue Code section 165 little I that allows a deduction in the year prior to the year in which the loss is incurred if the casualty has occurred in a presidentially declared disaster area. At this time for the Northridge earthquake there was the San Fernando Valley was a presidentially declared disaster area. Mr. Pallack attempted to utilize or invoke this rule and claim the loss on his 1993 tax return but due to the huge This then started an incredible saga of attempting to get what was acknowledged as an allowable loss actually allowed by the IRS in either 1993 or 1994. And at this point this saga has led to the point where we have gone through six different levels within the IRS and the tax court with the net result at the present time that the IRS is not going to allow the loss in either of the two years, even though they acknowledge that it was actually incurred. This tax court opinion has a footnote that says, we note that petitioner still has the option of paying the tax and instituting a refund suit. Does that remain true today? In a technical sense it does remain true. The problem with that as an alternative remedy is that the computation of the balance due is now in excess of $500,000. If it were not for the fact that we believe the tax court wrongly refused to consider the case, the liability would be worth less than $30,000. The disparity here and the tremendous damage that it has caused has resulted largely from the fact that Mr. Pallack is the right in this proceeding, the collection due process proceeding that was before the tax court to raise this issue. I mean the whole purpose arguably for the collection due process rules is that, as the name implies, it gives the taxpayer due process, which means an opportunity to contest the liability that isn't actually due before he's subjected to the onerous IRS collection remedy. Wasn't there a different opportunity in response to the notice of deficiency to do that? There was. There was. There was an opportunity. There are actually two separate issues here. There is the opportunity to allege that the loss should have been allowed in 1993. And that opportunity came or presented itself in the notice of deficiency. Mr. Pallack didn't file a timely response but to the incorrect location. And so that opportunity was lost. We attempted, when I became involved in the case, we attempted to get the IRS administratively to allow the loss in 1993 for a period of time. And then in the context of this collection due process case, at the time that the appeal was heard by the IRS appeals officer, he made it very clear that he would not consider any type of administrative remedy that would allow the loss in 1993. And at that point, we abandoned that and said, okay, well, then we've got to get it in 1994. And he essentially agreed that there should be, it should be a timely claim for refund or offset to be filed for 1994. And he agreed to process that for us. Well, then we got to the next step when the IRS then received the 1994, well, I guess the next step was we filed the tax court petition. And in the tax court petition, I very specifically alleged that, you know, the tax is due for 1993, and I think this is on excerpt page 24, but there is an offsetting claim for the 1994 year that when that loss is carried back will dramatically reduce the liability at issue. And that the appeals officer erroneously failed to consider that because he was under an internal guideline, basically, to close out the case before the refund could be considered. So that Now, the appeals officer offered to forward the unfiled 1994 tax return, but that wasn't responded to by your client, either. No, no, no, he did actually do that. I mean, there was there was an offer. See, he was he was under pressure to close his case. So he made the offer to do that. And that was in September, I believe, of 2003. And then he closed the case a couple of weeks later before we and then a week or so after that, we actually did submit the returns to him and he did forward them for processing. And they were processed. And the result of that was is that even though the appeals officer had indicated that he believed that the returns the 1994 return could be processed and that liability could be offset against the 1993 balance that was still outstanding, that when it got to the IRS people that were processing the 94 return, they said, well, we don't agree that you can file this now for 94. And we don't agree that he agreed to do that. And so therefore, you're out of luck on 94 also. So and then we appealed that decision, which was, I think, the sixth level of review here. And the appeal and a different appeals officer and a different office agreed that that the 1994 return was now untimely as well. So it's just a remarkable experience. I do this for a living, dealing with the IRS, and I don't think I've ever seen a case like this where the IRS has essentially an acknowledged loss from a devastating result, and they are just throwing up every ticky-tack little possible argument that they possibly could not to allow it in one of the two years that it has to be allowed. And I think that that was completely, completely wrong. So what normally would have happened, you missed the deadline for filing the notice of deficiency. And the collections due process, as I read the instructions on that, were related to the way you could pay it off, whether a levy on the house or some other method. And that was the purpose of that hearing. And so they said you can't raise this underlying liability issue at this hearing. You're saying this is unusual in your experience. What normally would have taken place when you've missed your notice of deficiency hearing? Well, I mean, the thing that is unique about this case is that the reason that we are saying the liability is overstated has nothing to do with the tax that was asserted in the notice of deficiency. We're conceding that the notice of deficiency was correct and that we don't get the loss in 93, and then we are raising the separate issue that we're entitled to, therefore, we are entitled to the loss in 94, and we're also entitled to carry that loss back to at least partially or dramatically offset the balance due. So our argument in the collection due process case has nothing to do with the claim that would have arisen from the notice of deficiency that we got the loss in 93. But you didn't raise that issue in a notice of deficiency hearing, so now you're trying to raise this argument later. What, in your experience, would normally happen? How would the IRS normally respond to that new theory raised after the? Well, I was shocked when they didn't allow the 94 refund when after the appeals officer, who seemingly agreed that it was appropriate, forwarded it for review. I mean, that would be helpful. In your view, that's where it should have happened. Yes, I think so. And it didn't, you know. But that doesn't detract from our ability in this proceeding to continue to challenge that issue and assert that the liability isn't lawfully due. You have less than a minute, if you'd like, to save it for rebuttal. You'll hear from the government. May it please the Court. I'm Patricia Bowman, appearing on behalf of the government. So if a taxpayer gets a notice of deficiency and can go to the taxpayer to dispute it, then he cannot dispute the underlying tax liabilities in the CDP proceeding. That's the way Congress wrote the law, and there's no authority going the other way. And in this case, the taxpayer got a notice of deficiency. He could have gone to the tax court. He didn't. And now he wants to argue in the CDP proceeding that he's not liable for the 1993 tax. But he says that's not his argument at all. But his argument is, as I understand it today, we owe the taxes in 93, but instead we're entitled to take this loss against the 94 taxes, which then causes a whole cascade of other things to happen. But he's not otherwise contesting the 93 assessment. Well, but he is saying that he shouldn't have to pay the 1993 liability because of a net operating loss that he wants to apply from 94 to 93. That was something he could have and should have argued in the tax court. And he's wrong when he says that the notice of deficiency somehow defines the issues for the tax court. It doesn't. The notice of deficiency is like a ticket, is what we call it, that gets you into the tax court. And once you're in the tax court, the tax court has jurisdiction over all issues affecting that year. Well, he missed that time frame. And so now he's saying, just as a matter of practice, in the CDP hearing, having read that having raised this valid, I guess, 1994 loss that under tax code provisions could be brought back, and as a matter of practice, the IRS should have acknowledged that claim or that they normally would acknowledge that claim. Is that correct? The record does not in any way suggest that he ever substantiated the amount of the net operating losses. And that's in the administrative record reviewed by the IRS officer in the course of the CDP proceedings. But remember, I mean, it wasn't litigated in the context of the CDP proceedings because it wasn't within the jurisdiction.  He can pay his 93 taxes and sue for a refund, and he could have gone into the tax court and raised it in the tax court in response to the notice of deficiency. Those are the two remedies Congress has provided, and they haven't provided the CDP as a third remedy. You're just supposed to be able to um So you're saying he had two opportunities. He had one and he has another. That the way to do this would be either to petition for review or appeal timely from the notice of deficiency, and then he could have litigated everything, or he can pay the tax, claim a refund, and litigate everything. That's right. And he can go to the district court. And that's still true. He can go into the district court after he pays his 93 taxes. Is that still true? And goes and pays it, files a refund plan.  I mean, he has to he has a jurisdiction to do this. I'm asking you another question. Can he still do that now, pay those taxes and seek a refund? So it's not too late to litigate these issues? You have two years from the date of payment to, there's like a look-back period. And once you pay your taxes, you've got like this two-year period to come back at the IRS for a refund. I'm asking for a practical answer. It is. It's true. Has he paid it yet? Has the two years run? That's all I'm asking you. He hasn't paid it. He hasn't paid it. So if he paid tomorrow, he would have two years from tomorrow in which to contest or seek a refund. And ask for a refund. Okay. There are no other questions. I just wanted to make sure. You can raise new matters in the tax court. The tax court often looks at net operating losses. In fact, they look at them when they're raised after the trial and allows the parties to amend their pleadings to reflect what was actually tried. I mean, the tax court's jurisdiction isn't limited to the four corners of the notice of deficiency, and he certainly had the opportunity to do all of this in the tax court proceeding in response to the notice of deficiency, and that's the remedy Congress intended, not the CDP remedy. One of the Petitioner makes the point that the tax court's order and decision mischaracterizes the nature of his challenge. Can you comment on that? What I understand as the taxpayers arguing at this point is, you know, I'm not challenging the notice of deficiency. I'm accepting the notice of deficiency. So I couldn't go into the tax court and dispute the notice of deficiency. But that's not a valid statement of the law. I mean, you can, for example, look at the case of Zach, where the IRS issued a notice of deficiency based on some invoice scheme, an unreported income. The taxpayer accepts that this is an unreported income, but he goes in and challenges the amount, saying, well, we had to pay all these prices because it was a costly business. So when he says the tax court mischaracterized, he's trying to say that he couldn't raise a new matter in the tax court, but he could. They're appearing not to be. Thank you, counsel. Mr. Mather, you have a small amount of rebuttal remaining. Yes. The It's absolutely uncategorically undeniable that the tax court completely misread the petition in this case. The petition in the case says we concede the 93, the loss is not allowable in 93, and we want to offset it. The order in decision says that we were there trying to challenge or trying to challenge the determination that we couldn't get the loss at 93. That's absolutely wrong. And based on that, she kicked us out. And that's really the issue in this case. And the remedy of paying 500,000 to the IRS is to say, well, we're going to offset the loss. I mean, you've misunderstood the petition, and here's exactly what he is claiming. Would there be jurisdiction to consider it or not, or wouldn't it still be true that the two routes for you to litigate the underlying question, which is when is loss recognized and how much is it worth, wouldn't that still have to be done either through the notice of deficiency procedure or through a refund and so on? Well, there's always a refund remedy. And the collection due process, the purpose of the collection due process procedure is that if the tax isn't really due, you don't have to, you know, I mean, you know, the taxpayer in this case is subject to the duty. So your answer to my question is yes, if we were to tell them exactly what your thought was, and so it wasn't misunderstood, there would be jurisdiction to consider it? Absolutely. I believe there's jurisdiction in the Court, because this issue was not part of the notice of deficiency, was never raised, and we never had a prior opportunity. And that's what the collection due process statute says, is if we lack the prior opportunity to raise this, then it's an appropriate issue to consider in the collection due process case. The reason the judge kicked us out is she said, well, you're trying to challenge us that the loss is really allowable in 1993. That's what her order and decision says, and our petition didn't say that. It said exactly the opposite. Okay. Thank you, counsel. You have exceeded your time, and I think we do understand your position. All right. Thank you. Thank you. The case just argued is submitted. We appreciate very much the arguments of counsel, and we will stand adjourned. All rise. The Court for this session stands adjourned.
judges: T. Nelson, Graber, Ikuta